UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:17-cr-99-FtM-38CM

WILLIAM PIERCE

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an Order of Forfeiture in the amount of $803,007.25, representing the amount of fraudulent proceeds the defendant obtained from his participation in conspiracy to pay healthcare kickbacks affecting a Federal health care benefit program, as charged in the Information.

In accordance with Rule 32.2(b)(4) and his plea agreement (Doc. 11 at 10), the United States asks that the order of forfeiture become final at the time it is entered. In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.  **Statement of Facts**

   A.  **Allegations Against the Defendant**

   1.  The defendant was charged in an Information with one count of

conspiracy to pay healthcare kickbacks, in violation of 18 U.S.C. § 371.  Doc. 2.

2. The forfeiture allegations in the Information notified the defendant that, pursuant to 18 U.S.C. § 982(a)(7), the United States was seeking forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including at least $803,007.25, which represents the proceeds of the offense.  *Id.*, at 8.

### B. Finding of Guilt and Admissions of Fact

3. On August 30, 2017, the defendant pleaded guilty to Count One of the Information pursuant to a written plea agreement and United States Magistrate Judge Carol Mirando recommended that his plea be accepted. Docs. 9, 13.  On August 31, 2017, United States District Court Judge Sheri Polster Chappell accepted his plea and adjudicated him guilty.  Doc. 15. The Court scheduled the defendant's sentencing for March 5, 2018.  *Id.*

4. In his plea agreement (Doc. 11 at 20-24), Pierce agreed to forfeit the $803,007.25 in proceeds he obtained as a result of the conspiracy to pay healthcare kickbacks affecting a Federal health care benefit program offense as charged in Count One.

### C. Admissions Related to Forfeiture

5. In his plea agreement, the defendant admitted and agreed that,

pursuant to 18 U.S.C. § 982(a)(7), the United States is entitled to an Order of Forfeiture, representing the amount of proceeds the defendant obtained as a result of the conspiracy to pay healthcare kickbacks charged in Count One.[1] Doc. 11 at 9. Moreover, the defendant agreed that the United States is entitled to forfeit any of the defendant's property as substitute assets to satisfy the order of forfeiture, and that the order of forfeiture would be final as to the defendant upon entry. *Id.*, at 10.

II.  **Applicable Law**

   A.  **Forfeiture Statute**

The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to a conspiracy (18 U.S.C. § 371) to offer and pay remunerations (including any kickbacks), (42 U.S.C. § 1320a-7b(b)(2)(B)), for which payments are made in whole or in part under a Federal health care program.

   B.  **Court's Determination of Forfeiture**

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving

---

[1] The United States agreed not to collect any amount in excess of $803,007.25, collectively from both the defendant and or unnamed co-conspirator, with respect to Count One.

rise to the forfeiture.  Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A).  The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate the specific property constituting or derived from the fraudulent proceeds involved in, or traceable to, the defendant's participation in the conspiracy to pay healthcare kickbacks, the United States seeks an order of forfeiture against the defendant in the amount of $803,007.25, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2).  As the defendant has agreed, he obtained $803,007.25 in fraudulent proceeds as a result of, his participation in the conspiracy to pay healthcare kickbacks.  If the Court finds that at least $803,007.25 in fraudulent proceeds was involved in, or traceable to, the defendant's participation in the conspiracy to pay healthcare kickbacks and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III.   Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant in the amount of $803,007.25, for which he will be held liable.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment.   *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and

disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully Submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By:   *s/James A. Muench*
      JAMES A. MUENCH
      Assistant United States Attorney
      Florida Bar Number 472867
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      (813) 274-6000 – telephone
      E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney